UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re : | Chapter  13 |
| RHODIE D. FOWLER, | Bankruptcy No. 07-11692-ELF |
|     Debtor | |
| | |
| LARRY D. FOWLER and | |
| RHODIE D. FOWLER | Adversary No. 07-139-ELF |
|     Plaintiffs, | |
| v. | |
| GENNARO RUSSO, | |
| DAVID BORSO, | |
| CORY MANESS, and | |
| D and B PROPERTY INVESTORS | |
| CORPORATION | |
|     Defendants. | |

## PRETRIAL STATEMENT OF PLAINTIFFS

The Plaintiffs file this Pretrial Statement separately because, due to an unanticipated extensive court commitment on July 21, 2008, counsel for the Plaintiffs was unable, on July 21, 2008, to review the extensive revisions to their Joint Pretrial Draft which were made by the Intervenor and determine whether they were able to join the Pretrial Statement prepared by the Intervenor, as they had anticipated. They would note that they have had extensive settlement negotiations with this party and assure the court that the failure to submit a joint product was not due to lack of attempted cooperation on the part of either themselves or the Intervenor.

### I. Basis of jurisdiction.

This adversary is a core proceeding because it seeks, inter alia, a determination of the validity and extent of the Defendants' interest in the Plaintiffs' home, pursuant to 28 U.S.C. § 157(b)(2)(K). Jurisdiction of this court to hear this proceeding is conferred by 28 U.S.C. § 1334(b).

### II. Statement of uncontested facts.

.    The Plaintiffs do not contest paragraphs 1, 2, 4 through 44, 49, and 55 of the Intervenor's Statement of Facts. They do contest the remaining paragraphs and all paragraphs of the Statement by Borso and Maness.

**III. Statements of facts which are in dispute.**

1. In December of 2006, the Plaintiffs' financial circumstances deteriorated when the Debtor lost her job and, because Larry Fowler ("Larry") had been incarcerated for over a year had been the families primary wage earner prior to his incarceration, the Debtor was unable to prevent dismissal of the Debtor's prior bankruptcy case.

2. Prior to the transfer the Plaintiffs had equity in the Home in excess of $100,000.00.

3. After the dismissal of the Debtor's prior bankruptcy case, the Plaintiffs received numerous solicitations from various parties who claimed they could assist the Plaintiffs in preventing the loss of their Home. One of those parties was Defendant Rauso.

4. After responding to Rauso's solicitations, the Debtor was offered a deal from Rauso whereby Rauso would purchase the Home, rent it back to the Plaintiff's for $1,000.00 per month for approximately a year, and would then sell it back to them.

5. Rauso was aware at all times that Larry Fowler was not present in the Home and that because he was an owner along with the Debtor, he would have to consent to any such transaction.

6. Before entering into the transaction at issue, because the Debtor was concerned she may not be able to make the required Lease payments, Rauso assured the Debtor that it was not his intention to take the Home and that he would allow her appropriate dispensations in making payments.

7. In reliance on Rauso's representations, the Debtor agreed to enter into the transaction at issue.

8. The Debtor was not given or paid any sum for the transfer of the Home to Rauso.

9. The Debtor was unable to make the rental payments to Rauso of $1000.00 a month in accordance with the terms of the Lease.

10. In reliance on Rauso's representations, the Debtor agreed to enter into the transaction at issue.

11. After agreeing to enter into the transaction at issue, Rauso came to the Home, presenting the Debtor with many documents which she thereafter executed.

12.. The documents at issue bear the seal of a notary however, only Rauso and one other individual were present when the documents were signed and no person notarized those documents in the Debtor's presence.

13. Solicitations for the instant transaction and the execution of the documents relating thereto all took place in the Home.

14. Rauso knew that Larry Fowler had not consented to the transaction and that his assent was necessary.

2125929-1

2

15.     When Larry Fowler was informed of the details of the transaction at issue, he unequivocally refused to consent to same and wrote to Rauso, in December 2006, stating his lack of consent.

16.     Later in December of 2006, the Debtor called Rauso advising him that her husband did not consent to the transaction and she wished to rescind same pursuant to paragraph 22 of the LTA.

17.     Rauso thereafter refused to agree to the rescission.

18.     On January 17, 2007, the Debtor wrote a letter to Rauso rescinding the transaction, sent by certified mail. However, Rauso continued to ignore any attempt at rescission.

19.     Rauso sold the Home to Borso and Maness even though he was aware the Plaintiffs expressed the foregoing intentions to rescind this transaction, and did not inform Borso and Maness of the Plaintiffs' intention to rescind, but in fact represented to Borso and Maness that the Plaintiffs had or shortly thereafter would voluntarily vacate the Home.

20.     Rauso never intended to return the Home to the Plaintiffs under any circumstances.

21. .   Although the transaction at issue took place in the Home, the Plaintiffs never received any right to rescind this transaction pursuant to 73 P.S. section 201-7 of the Pennsylvania Unfair Trade Practices Act ("the UTPCPL").

## IV. Damages or other relief sought.

The Plaintiffs seek an Order compelling the Defendants to reconvey the Home to the Plaintiffs, barring the Defendants from making any claim for payment against the Plaintiffs, and deeming the Defendants liable, as this court sees fit and according to their responsibility and complicity to the wrongful acts of Rauso, to the Plaintiffs for damages to be determined plus be directed to pay Plaintiffs counsel attorneys' fees and costs pursuant to 73 P.S. § 201-9.2(a) of the Pennsylvania Unfair Trade Practices Act ("the UTPCPL").

Moreover, the Plaintiffs seek an Order declaring the Defendants' title which is derived from a defective LTA and Deed to be null and void as it is the product of an invalid notarization, was invalid as no consideration for the transfer existed, was void as one co-owner of the property never assented to same, and was effectively rescinded.

## V. Legal issues presented

1)  Is the transaction at issue voidable as there was no or inadequate consideration for same?

2)  Is the transaction at issue voidable as the Plaintiffs were never provided with the requisite UTPCPL notices of their right to rescinfd this transaction?

3)  May the Plaintiffs avoid this transaction as the documents at issue were not

2125929-1                                3

properly notarized?

4) Is the transaction at issue void as the co-owner of the property never assented to same?

5) Is the transaction at issue void as the Plaintiffs rescinded the transaction pursuant to the terms of the LTA?

6) Is Rauso entitled to any dispensation from the consequences of his wrongful, illegal, and fraudulent actions?

7) Are the Defendants other than Rauso entitled to retain benefits and title to the Home irrespective of their involvement in Rauso's frauds and misrepresentations?

## VI. Witnesses

The Plaintiffs do not intend to call any witnesses in addition to those listed by the Intervenor.

## VII. Exhibits

In addition to the Exhibits listed by the Intervenor, the Plaintiffs may present the following:

1.. Debtor's Petition, Schedules and Statement of Financial Affairs, including  q amendments
2. List of comparable sales for 983 Allengrove St., Philadelphia, PA 19124
3. Evidence of Liens on 983 Allengrove St., Philadelphia, PA 19124
4.. Landlord Tenant Complaint against the Plaintiffs
5.. Documents produced in response to Mortgage Electronic Registrations Systems Request for Production of Documents
6. Rebuttal Exhibits

## VIII. Discovery items

In addition to the items listed by the Intervenor, the Plaintiffs will also offer their First Sets of Interrogatories and Requests for Production of Documents addressed to the Defendants, and the Defendants' responses thereto when they are produced.

## IX. Estimated Trial Time

One Day

## X. Certification

The Plaintiffs and the Intervenor have had settlement discussions and it was believed by the Plaintiffs that a tentative agreement between them was reached.

_/s/ David A. Scholl_
David A. Scholl
6 St. Albans Ave
Newtown Square, PA. 19073
(610) 353-7543
Attorney for Plaintiffs