**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| | : | |
|     **RHODIE D. FOWLER,** | : | |
| | : | |
|     Debtor(s) | : | Bky. No. 07-11692ELF |
| | : | |
| **LARRY D. FOWLER, et al.,** | : | |
| | : | |
|     Plaintiff(s) | : | |
| | : | |
| v. | : | |
| | : | Adv. No. 07-00139ELF |
| **GENNARO RAUSO, et al.,** | : | |
| | : | |
|     Defendant(s) | : | |

# O R D E R

**AND NOW**, following a trial in the above-captioned adversary proceeding, and for the reasons set forth in the accompanying Opinion, it is hereby **ORDERED and DETERMINED** that:

1. **JUDGMENT** is entered against Rauso, Borso, Maness, D&B and Countrywide and in favor of the Plaintiffs on Count I of the Complaint.

2. The conveyance by warranty deed from the Plaintiffs to Defendant Gennaro Rauso ("Rauso"), as Trustee of the Fowler Trust, of 983 Allengrove Street, Philadelphia, Pennsylvania 19124 ("the Allengrove Property") (i.e., the Fowler-Rauso Deed which was recorded with the Philadelphia Department of Records at document identification number 51618092) is **SET ASIDE and is INVALID**.

-1-

3. The conveyance by warranty deed from Rauso, as Trustee for the Fowler Trust, to Defendants David Borso and Corey Maness ("Borso" and "Maness"), which was recorded with the Philadelphia Department of Records on March 5, 2007 at document identification number 51643524, is **SET ASIDE and is INVALID**.

4. The mortgage on the Allengrove Property granted by Borso and Maness to the assignor of Intervenor Mortgage Electronic Registration Systems, Inc., in its capacity as "nominee for Countrywide Home Loans, Inc" ("Countrywide"), which was recorded with the Philadelphia Department of Records at document identification number 5164525, is **SET ASIDE and is INVALID**.

5. Countrywide is **GRANTED** an **EQUITABLE LIEN** on the Allengrove Property in the amount of **$177,458.48**. The **EQUITABLE LIEN** shall have the **SAME PRIORITY** as the mortgage referenced in Paragraph 4 above.

6. **JUDGMENT** is entered in favor of Defendants Borso, Maness, D& B Property Investors Corporation and Countrywide on Counts II, III and IV of the Complaint.

7. The Plaintiffs are entitled to an award of attorney's fees and costs against Rauso.

8. **On or before March 18, 2010,** the Plaintiff's counsel may file a motion for award of attorneys' fees and costs associated with filing and prosecuting this adversary proceeding ("the Fee Motion"). This motion will be governed by L.B.R. 9014-3.

9. A status hearing to discuss all remaining issues with respect to the terms of Countrywide's **EQUITABLE LIEN** is scheduled on **March 25, 2010 at 1:00 p.m. in Bankruptcy Courtroom No. 1, 900 Market Street, Philadelphia, PA**.

10. If the Plaintiffs and Countrywide reach agreement on repayment terms with respect to Countrywide's **EQUITABLE LIEN**, they shall submit a proposed order prior to the Status Hearing. If the parties cannot reach agreement on the repayment terms, each side shall submit a proposed order for the court's consideration no later than **March 23, 2010**.

Date:  March 3, 2010

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**

**Counsel**
David A. Scholl
Roger Ashodian
Attorneys for Plaintiffs

Dimitri L. Karapelou
Attorney for Gennauro Rauso and D and B Property Investors Corporation

Lauren P. McKenna
Attorney for Mortgage Electronic Registration Systems, Inc. as nominee for Countrywide Home Loans, Inc.

David Borso, Pro Se

Corey Maness, Pro Se